IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

JOHN A. GILLES, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware corporation,

Defendant.

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, John A. Gilles, by and through his counsel, ERIK G. FISCHER, P.C., and asserts the following Complaint against the above-named Defendant, stating as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

2. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391. Defendant Ford sells a substantial number of automobiles in this District and has numerous dealerships in this District. Acts complained of herein occurred in this District.

### PARTIES

3. Plaintiff, John A. Gilles, is an individual residing at 358 Hickory Avenue, Eaton, Colorado 80615. Mr. Gilles is the purchaser of an all-wheel-drive 2013 Ford Escape SE.

4. Ford Motor Company is a Delaware Corporation with its principal executive offices located at One American Road, Dearborn, Michigan 48126. Ford is a global

automotive industry leader and it sells automobiles on six continents. Ford has several dealerships in Colorado and sells vehicles throughout the State.

## INTRODUCTION

5. This consumer fraud class action is based on Ford's false and misleading advertising related to its all-wheel-drive 2013 Ford Escape SE. Ford advertizes the 1.6L EcoBoost® I-4 engine contained in the all-wheel-drive 2013 Ford Escape SE as having an "eco-friendly side" that "deliver[s] the performance of a much larger engine with the efficiency of a smaller one." Ford claims that the all-wheel-drive model is capable of achieving a fuel economy rating of 22 miles per gallon in the city, and 30 miles per gallon on the highway. These advertisements, however, are false.

6. Plaintiff, John A. Gilles, is the purchaser of an all-wheel-drive 2013 Ford Escape SE, and his vehicle has never achieved the gas mileage advertised by Ford. Rather than achieving 30 miles per gallon on the highway, Mr. Gilles has only achieved 25-26 miles per gallon. Mr. Gilles' experience is shared with all other purchasers of the all-wheel-drive 2013 Ford Escape SE, who were also misled by Ford's advertising.

7. Plaintiff, John A. Gilles, individually and on behalf of himself and on behalf of all other similarly situated (the members of the Plaintiff Class described and defined within this Complaint), alleges as follows:

## GENERAL ALLEGATIONS

8. On or about September 1, 2012, Mr. Gilles purchased an all-wheel-drive 2013 Ford Escape SE (hereinafter the "Escape") at the Spradley Barr Ford dealership located at 4809 South College Avenue, Fort Collins, Colorado.

9. The Escape is equipped with a 1.6L EcoBoost® I-4 engine that combines two different technologies: turbocharging and direct injection.

10. Ford claims that the all-wheel-drive Escape has a fuel economy rating of 22 miles per gallon ("mpg") in the city, and 30 mpg on the highway, with an average combined mpg of 24 miles per gallon.

11. The U.S. Environmental Protection Agency ("EPA") gas mileage estimates provide a way for consumers to compare the fuel efficiency of different vehicles under identical test conditions. The EPA estimates, however, are not accurate predictors of real world fuel economy, as the tests are designed to maximize fuel mileage far beyond what a normal customer would experience. The tests are performed in dynamometers, and the highway portion of the test averages only 48.3 mph, with a maximum speed of 60 mph. The test is performed by a professional driver whose job is to maximize the test results. The end result of this test is an inflated mpg figure.

12. The EPA relies on automakers to conduct their own tests, and the test results are self-reported. The EPA only audits 15% of the models on the market.

13. Although the Moroney Window Sticker on the Escape states that "[a]ctual mileage will vary," pursuant to 40 C.F.R. § 600.307-86(a)(ii)(A), Mr. Gilles and other purchasers of the Escape have suffered a variance of average mpg far in excess of other vehicles on the market.

14. In contrast to Ford's claims as to mpg, the US Department of Energy has determined that the Escape manages a combined mpg of only 20.5, rather than Ford's advertised 24 mpg combined.

15. Ford advertises the Escape's fuel efficiency as a "Highlight" on its webpage, and claims that the "1.6L EcoBoost® I-4 engine…delivers…the best automatic highway fuel economy in its class."

16. In its corporate disclosures, Ford asserts that "[t]he implementation of our EcoBoost® family of gasoline engines is well established and a major part of our sustainability strategy, delivering both exceptional fuel economy and performance."

17. On September 4, 2012, Ken Czubay, Ford vice president, U.S. Marketing, Sales and Service stated: "Customers increasingly value savings at the pump, and Ford is answering the call with a full family of vehicles with leading fuel efficiency and the power to choose which vehicle best meets their needs."

18. One of the reasons Mr. Gilles purchased the Escape with EcoBoost® technology was that he was attracted to the Escape's advertised fuel efficiency.

19. Mr. Gilles was impressed with the high gas mileage touted in Ford's advertising materials, and he was led to believe that he would experience the same results in the real world.

20. Mr. Gilles' Escape now has approximately 7,000 miles on it, and it is fully broken in.

21. Mr. Gilles' Escape, however, has never attained the mpg as advertized by Ford.

22. After purchasing the Escape, Mr. Gilles discovered that it consistently achieved gas mileage far below the advertised mpg under normal conditions.

23. Mr. Gilles did not know when he purchased the Escape that the advertized mpg was inaccurate, and he reasonably expected that Ford would not falsely advertise the Escape's mpg.

24. On the highway, the Escape averages 25-26 mpg while traveling at 60-65 miles per hour under ideal conditions with no headwind.

25. With a headwind, the Escape has managed only 21-22 mpg on the highway.

26. In short, the Escape is not capable of achieving 30 mpg on the highway under any conditions.

27. Had Mr. Gilles known that Ford's advertisements of the Escape's gas mileage under normal conditions were inflated compared to actual performance, he would have considered buying a vehicle from one of Ford's competitors.

28. Upon information and belief, Ford's advertisements stating that the Escape achieves 30 miles per gallon on the highway were part of a concerted marketing plan to convey inflated expected miles per gallon information to putative class members throughout Colorado and the United States.

### Class Action Allegations

29. Plaintiff initially proposes a nationwide class—the "Class"—in litigating this case, as defined as follows:

> All purchasers of 2013 Ford Escape SE all-wheel-drive vehicles who purchased or leased their vehicles in the United States.

Excluded from the above Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

30. Alternatively, Plaintiff proposes a Colorado Class, as defined as follows:

> All purchasers of 2013 Ford Escape SE all-wheel-drive vehicles who purchased or leased their vehicles in Colorado.

Excluded from the above Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

31. **Numerosity of the Class**: The members of the Class are so numerous that their individual joinder is impracticable. In January 2013 alone, sales of the Escape totaled 19,939, and similar sales figures should continue throughout the year. Plaintiffs are informed and believe that there are tens of thousands of members in the Class. Class members may be identified through business records regularly maintained by Defendant and its employees and agents, and members of the Class can be notified of the pending action by e-mail, mail, and supplemented by publishing notice, if necessary.

32. **Existence and Predominance of Common Questions of Fact and Law**: There are questions of law and fact that predominate over any questions affecting only individual Class members. The common legal and factual issues include, but are not limited to:

   a. Whether the subject vehicles achieve gas mileage materially lower than the advertised expected mileage;

   b. Whether Ford's overstatement of the Escape's fuel economy was materially misleading;

   c. Whether Ford's advertisements were false and deceptive in advertising the expected mileage of the subject vehicles in normal use;

   d. Whether Ford failed to provide material disclosures that the expected gas mileage cannot be achieved in normal use;

   e. Whether Ford's conduct violates the laws as set forth in this Complaint.

33. **Typicality:** Mr. Gilles' claims are typical of the claims of each member of the Class. Mr. Gilles, like other members of the Class, has sustained damages arising from Ford's violations of the law, as alleged herein. Mr. Gilles and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Ford.

34. **Adequacy:** The representative Plaintiff will fairly and adequately represent and protect the interest of the Class members. Undersigned counsel are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of Mr. Gilles and the members of the Class that would make certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

35. **Predominance and Superiority:** This suit may be maintained as a class action under Fed.R.Civ.P. 23, as common questions of law and fact predominate over questions affecting only individual members of the Class, and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by individual Class members are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Ford's conduct. Further, it would be virtually impossible for members of the Class to individually redress effectively the wrongs done to them. Individualized litigation would increase delay to all parties and overburden this Court, and also presents a potential for inconsistent or contradictory judgments. This Class Action presents far fewer management difficulties, and provides the benefits of a single adjudication and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
(Violation of the Colorado Consumer Protection Act)

36. Plaintiffs hereby incorporate the preceding paragraphs as if fully set forth herein.

37. Defendant engaged in, and caused others to engage in, deceptive trade practices, by falsely advertising the highway mpg and average combined mpg of the Escape.

38. Pursuant to C.R.S. § 6-1-105(1)(e), Defendant knowingly made a false representation as to characteristics of the Escape, by stating that the all-wheel-drive Escape would achieve 30 mpg on the highway and an average combined mpg of 24 miles per gallon.

39. Pursuant to C.R.S. § 6-1-105(1)(g), Defendant represented that the Escape was of a particular standard, quality and grade while Defendant knew or should have known they were of another.

40. Defendant widely and publically advertise the Escape throughout the United States, in print and electronic media.

41. Defendant's deceptive statements regarding the Escape's ability to achieve 30 mpg on the highway, and an average combined mpg of 24 miles per gallon, significantly impacts the public.

42. Mr. Gilles, along with members of the Class, were purchasers and customers of Defendant's goods.

43. Plaintiffs suffered damages and losses as described above as a result of Defendant's deceptive trade practices.

44. Ford engaged in bad faith conduct by its actions including, but not limited to, the advertising and sale of the Escape, which is the subject of this lawsuit.

45. Plaintiffs are entitled to treble damages pursuant to the Colorado Consumer Protection Act because Defendant engaged in bad faith conduct. At a minimum, Plaintiffs are entitled to actual damages and costs together with attorney fees.

## SECOND CLAIM FOR RELIEF
### Negligent Misrepresentation

46. Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein.

47. In the course of its business, Ford negligently stated that the Escape was capable of achieving 30 mpg on the highway, and an average combined mpg of 24 miles per gallon.

48. When Ford stated that the Escape could achieve 30 mpg on the highway and an average combined mpg of 24 miles per gallon, it knew that consumers would be unable to achieve the same fuel efficiency.

49. Ford knew that consumers, namely members of the Class, would rely on, or be influenced by, its statement that the Escape would achieve 30 mpg on the highway and an average combined mpg of 24 miles per gallon.

50. Mr. Gilles, and other members of the Class, did reasonably rely on the fraudulent statement.

51. Due to Ford's misrepresentation, Mr. Gilles and other members of the Class were defrauded when they purchased the Escape.

52. Mr. Gilles and other members of the Class suffered damages from Ford's misrepresentation in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### Fraudulent Misrepresentation

53. Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein.

54. In the course of its business, Ford falsely stated that the Escape could achieve 30 mpg on the highway and an average combined mpg of 24 miles per gallon.

55. In stating that the Escape could achieve 30 mpg on the highway and an average combined mpg of 24 miles per gallon, Ford knew that the statement was false, as purchasers would be unable to achieve the same results.

56. Ford knew that consumers, namely members of the Class, would rely on, or be influenced by, its statement that the Escape would achieve 30 mpg on the highway and an average combined mpg of 24 miles per gallon.

57. Mr. Gilles, and other members of the Class, did reasonably rely on the fraudulent statement.

58. Due to Ford's fraudulent misrepresentation, Mr. Gilles and other members of the Class were defrauded when they purchased the Escape.

59. Mr. Gilles, and other members of the Class, suffered damages from Ford's misrepresentation in an amount to be determined at trial.

WHEREFORE, Plaintiffs respectfully request this Court enter judgment in their favor and against the Defendants as follows:

A. Award Plaintiffs actual damages sustained from Defendant's conduct.

B. Award Plaintiffs reasonable attorney fees and costs associated with this action.

    C.    Award Plaintiffs treble damages pursuant to the Colorado Consumer Protection Act.

    D.    Issue injunctive relief against Ford, requiring that it accurately advertise the highway mpg and the average combined mpg of the Escape.

    E.    Grant Plaintiffs any further relief this Court deems proper and just.

**Plaintiffs demand a trial by jury.**

Dated this 8th day of February, 2013.

Respectfully submitted,

Erik G. Fischer, P.C.

/s/ Erik G. Fischer
Erik G. Fischer, #16856
Gordon M. Hadfield, # 42759
*Original signature on file at the office of Erik G. Fischer, P.C., pursuant to C.R.C.P. § 121-1-26(9); filed electronically via ICCES.*

Plaintiff's Address:
358 Hickory Avenue
Eaton, Colorado 80615