IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-00357-RBJ

JOHN A. GILLES, on behalf of himself and all others similarly situated,

    Plaintiffs.

v.

FORD MOTOR COMPANY, a Delaware corporation,

    Defendant.

## ORDER

In response to the order to show cause, Mr. Gilles indicated that his intent was to invoke 28 U.S.C. § 1132(d)(2) which provides the federal district courts have original jurisdiction of any civil action where the matter in controversy exceeds $5,000,000 and is a class action in which any member of the plaintiff class is a citizen of a state different from that of the defendant. [ECF No. 34]. He then provided a complicated analysis of how the amount in controversy would exceed $5,000,000 if the class is certified. The Court finds that Mr. Gilles has provided sufficient facts in his response to the order to show cause to demonstrate federal diversity jurisdiction in this case, at least until the class certification stage.

The Court, however, is concerned that the briefing gave insufficient attention to an important issue: the possible preemption of Mr. Gilles's claims by FTC regulations.[1]

---

[1] The Court is satisfied with the parties' briefing on the issue of preemption by The Energy Policy and Conservation Act of 1975. That statute and the regulations issued pursuant to it do not purport to regulate advertising of fuel economy beyond the requirements of the Monroney Sticker and the dealer booklet. Thus, I agree with federal and state jurisdictions that have held that state law claims akin to those asserted here are not preempted by this body of federal law. *See, e.g.*, *True v. American Honda Motor Co., Inc.*, 520 F.Supp. 2d 1175, 1180-81 (C.D. Cal. 2007); *Paduano v. American Motors Co., Inc.*, 169 Cal. App. 4th 1453, 1473-85 (Cal. Ct. App. 2009).

Mr. Gilles's Amended Complaint, as this Court understands it, claims that Mr. Gilles saw advertisements for Ford's 2013 Escape SE that included EPA estimated fuel economy numbers but (1) failed to disclose that the advertised fuel economy standard was based on EPA data and (2) failed to include a disclaimer that actual results may vary.

If true, the first claim would describe behavior that is inconsistent with FTC regulations. *See* 16 C.F.R. § 259.2 (requiring that whenever an advertisement makes an express or implied representation regarding the estimated fuel economy of a vehicle, the advertisement must disclose that the EPA was the source of that estimate, or if the estimate came from another source, displaying the EPA estimates alongside the non-EPA estimates). Because plaintiff's claim does not rely on state law that conflicts with federal regulations, at least insofar as identifying that the numbers are EPA estimates is concerned, it appears that the regulations neither expressly nor impliedly preempt the claim. Rather, Mr. Gilles's claims under state law, again at least with respect identifying that the numbers are EPA estimates, would appear to be consistent with the FTC regulations. It is unclear, however, whether such a claim, even if it does not conflict with the FTC regulations, might nonetheless be preempted if Congress intended to occupy the entire field of advertisements about vehicle fuel economy. Neither party addressed that issue.

The Court therefore requests that the parties submit within ten days from the date of this order supplemental briefing of no more than five pages per side on the narrow question of whether the FTC regulations preempt Mr. Gilles's claims under the doctrine of field preemption.

DATED this 24th day of January, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge